UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff/Respondent<br>v.<br><br>CARLOS QUITANA SOLORIO,<br><br>                  Defendant/Petitioner. | Case No. C-13-03955-RMW<br>Related Case: CR-99-20094-RMW-1<br><br>**ORDER DENYING PETITIONER SOLORIO'S MOTION TO VACATE, SET ASIDE, OR CORRECT A SENTENCE UNDER 28 U.S.C. § 2255** |

## I. INTRODUCTION

Carlos Quitana Solorio ("petitioner") seeks relief under 28 U.S.C. § 2255 from his sentence for conspiracy to distribute 500 grams or more of methamphetamine, possession with the intent to distribute 500 grams or more of methamphetamine, and failure to appear for trial. He received a sentence that included 275 months of custody. Petitioner now moves to set aside his sentence and requests that he be allowed to accept a sentence that includes a "fast-track" downward departure. The bases of petitioner's argument are that he was denied effective assistance of counsel because:

Case No. 13-CV-3955-RMW                                          - 1 -
ORDER DENYING § 2255 MOTION

(1) his counsel failed to assert his right to have a jury determine the quantity of drugs involved and (2) failed to obtain a "fast-track" departure for him.

## II. ANALYSIS
### A. Necessity of Jury Verdict on Drug Quantity

Petitioner argues that he was denied effective counsel, in violation of the Fifth and Sixth Amendments, because his counsel failed to move to dismiss the indictment because it did not charge the amount of drugs and because his counsel failed to assert defendant's right to have a jury determine the quantity of drugs involved. Although a defendant is not entitled to dismissal because an indictment does not specify the quantity, he cannot receive a sentence that is enhanced by the quantity of drugs unless the amount is charged in the indictment and found by the jury. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

However, petitioner here faces a fundamental problem. The Superseding Indictment specifically charged him with conspiring to distribute and possessing with the intent to distribute 500 grams or more of methamphetamine. Superseding Indictment (Docket # 124). Further, the jury was instructed that it had to find the drug quantity beyond reasonable doubt (Jury Instruction 19 (Docket # 148) and the jury so found in a special verdict (Docket #150). Thus, defense counsel did not fail to insure that petitioner was adequately charged and obtained the protection of a jury determination of drug weight.

### B. Failure to Move for Downward Departure for Fast-Track Acceptance.

Petitioner argues that his counsel "missed a substantial benefit during bargaining that resulted in an excessive sentence . . . ." Motion, at 17. He contends that he was eligible for a fast-track downward departure, which would have allowed for a sentence based upon a four level reduction in his base offense level in exchange for his willingness to waive any resistance to deportation. *Id.* Petitioner argues that he would have accepted a plea deal which had been offered earlier in the case if it was offered with a fast-track downward departure. Petitioner further argues that counsel's failure to negotiate such a plea deal or move the court for a fast-track downward departure constituted ineffectiveness of counsel. *Id*. at 18.

Case No. 13-CV-3955-RMW         - 2 -
ORDER DENYING § 2255 MOTION

The fast track downward departure was implemented by the Attorney General in 2003 in connection with an early disposition program. 21 Fed. Sent'g Rep. 318, 318-23. Fast-track downward departures were available in Northern California through at least the end of 2009. *Id.* at 323-337.  However, the program was only available to those charged with illegal re-entry into the United States after deportation. *Id.* At no point was petitioner charged with "illegal re-entry into the United States following removal or deportation," as is required for the fast track downward departure program. Decl. of John N. Glang, Dkt. No. 194-1, at 2.

Petitioner's counsel did not violate the "reasonability" prong of the *Strickland* test in failing to seek a fast track downward departure as part of a plea deal. Petitioner was not eligible for such a deal because he faced charges other than illegal re-entry into the United States after deportation and was not even charged with illegal re-entry. Therefore, the court is unpersuaded by petitioner's argument that counsel acted ineffectively in failing to secure a plea bargain including a fast track departure.

## C. Incomplete Advice Regarding Plea Agreement

Petitioner argues that he wanted to take a plea deal, but was convinced to go to trial by inaccurate advice from counsel. Motion, 19. Specifically, petitioner argues that counsel failed to present the same plea deal that was offered to petitioner by his first two attorneys. *Id.* Petitioner also argues that he would have accepted the plea deal if it also included a fast-track downward departure, rather than go to trial. *Id.* Instead, petitioner alleges that counsel informed him that he did not need to take the plea because the evidence regarding the type and weight of the drugs involved was insufficient to convict. *Id*. at 23. Counsel further allegedly assured petitioner that he could win at trial due to a chain of custody issue and a lack of written statements from law enforcement officers. *Id*.

Any questions as to the alleged assurances of petitioner's counsel are immaterial to the instant case because petitioner fails the "prejudice" prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  Specifically, petitioner is required to show that there was a reasonable probability that he would have accepted the offered plea deal. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). However, petitioner's allegation is that he would have accepted the

1 original plea deal once it had been adjusted to include fast-track downward departure. Motion, at
2 20. As previously discussed, petitioner was not eligible for any type of fast-track departure that
3 existed in the Northern District of California. Petitioner has further failed to allege that he would
4 have taken a plea deal without the fast-track departure.

As petitioner has failed to meet the "prejudice" prong of the *Strickland* test, the court finds that petitioner did not receive ineffective assistance of counsel.

### III. ORDER

For the reasons explained above, the court DENIES the motion to vacate, set aside, or correct petitioner's sentence. Having failed to successfully allege ineffective assistance of counsel, the motion for an evidentiary hearing is DENIED.

Dated: June 25, 2014

_____
Ronald M. Whyte
United States District Judge